IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| LEVI ARTHUR FEDD, | : |
| Plaintiff, | : |
| VS. | : **7: 10-CV-127 (HL)** |
| LARRY BYRD, *et al.*, | : |
| Defendants. | : |

## RECOMMENDATION

Plaintiff filed this action on November 4, 2010, challenging certain conditions of his confinement at the Colquitt County Correctional Facility (Doc. 2). Since filing a supplement to his Complaint on November 29, 2010, Plaintiff has taken no action in this matter and has had no contact with the Court (Doc. 5). The Clerk of Court attempted to mail Plaintiff Court documents on three (3) occasions and each mailing came back as "undeliverable" (Docs. 6, 13, 15). On April 5, 2011, based on the record of inactivity, the Court ordered Plaintiff to provide his current address and show cause as to why this case should not be dismissed for his failure to follow this Court's Order dated January 25, 2011 (Doc. 16). Plaintiff's service copy of this Show Cause Order has been returned to the Clerk of Court, marked as "undeliverable" (Doc. 17).

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempt from this requirement of diligent prosecution. *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue

delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962).

A review of this entire action reveals a clear record of delay or willful contempt on the part of Plaintiff. Plaintiff has failed to respond to this Court's Order to Show Cause, and it has been over five months since Plaintiff's last contact with the Court, which occurred when Plaintiff filed the supplement to his Complaint. Additionally, several pieces of mail sent to Plaintiff's last known address have been returned to the Court as undeliverable, evidencing Plaintiff's failure to keep the Court informed as to his current address as directed.

The Court finds that lesser sanctions will not suffice. As Plaintiff has failed to proceed in any substantive way with the litigation of this lawsuit since supplementing his Complaint, has failed to respond to the Court's Show Cause Order, and has failed to follow the directives of the Court regarding notification to the Court and parties of Plaintiff's current address, it is the recommendation of the undersigned that this action be **DISMISSED.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 4th day of May, 2011.

s/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE

llf